UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOYD ERIKSON | CIVIL ACTION |
| VERSUS | NO.: 22-3814 |
| AMERICAN SECURITY INSURANCE COMPANY | SECTION: T (4) |

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Defendant American Security Insurance Company (hereinafter "ASIC" or "Defendant"). Boyd Erikson ("Plaintiff") previously moved for an extension to time to respond to the Motion, which the Court granted.[2] To date, however, Plaintiff has not filed any opposition. The Motion is therefore deemed unopposed. For the following reasons, the Motion is **GRANTED**.

Summary Judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[4] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[5]

In this Hurricane Ida property damage insurance case, Plaintiff seeks to recover from ASIC pursuant to an insurance policy that covered residential property in New Orleans, Louisiana. In its

---

[1] R. Doc. 9.
[2] R. Docs. 10 & 11.
[3] Fed. R. Civ. P. 56(a).
[4] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[5] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

Motion, however, ASIC asserts that Plaintiff has no legally cognizable claim for relief to enforce the policy because Plaintiff is not an insured, additional insured, nor a third-party beneficiary of the insurance contract.[6] Rather, the subject policy was issued to Wells Fargo, N.A. #936 ("Wells Fargo"), Plaintiff's lender, and that Plaintiff is merely identified as a "Borrower" on the policy's declarations page.[7] Accordingly, ASIC posits that Plaintiff is not entitled to recover any payment for losses sustained to the covered property.[8] For this reason, ASIC also contends that Plaintiff has no legal standing to assert a bad faith claim under Louisiana law.[9] ASIC therefore contends that Plaintiff cannot meet his burden of proof at trial and summary dismissal of Plaintiff's claims are warranted.[10]

After reviewing the Complaint, the Motion and supporting exhibits, as well as the applicable law, the Court agrees that Plaintiff is not a named insured, additional named insured, or an intended third-party beneficiary of the policy. The terms of the policy's "Loss Payment" clause states that all policy benefits are payable to Wells Fargo, the named insured.[11] Plaintiff therefore lacks standing to enforce the insurance contract.[12] ASIC is entitled to summary judgment in its favor.

---

[6] R. Doc. 9-1 at 1.
[7] R. Doc. 9-1 at 2.
[8] R. Doc. 9-1 at 2.
[9] La. R.S. 22:1892, La. R.S. 22:1973
[10] R. Doc. 9-1 at 4.
[11] R. Doc. 1-2 at 20.
[12] *See Haley v. Am. Sec. Ins. Co.,* 2022 WL 17281800, at *4 (E.D. La. Nov. 29, 2022); *James v. Am. Sec. Ins. Co.*, 2021 WL 5795292 (E.D. La. Dec. 7, 2021); *Turner v. Am. Sec. Ins. Co.*, 2022 WL 696907, at *1 (W.D. La. Mar. 8, 2022); *Davis v. Am. Sec. Ins. Co.*, 2021 WL 4269199, at *2 (W.D. La. Sept. 20, 2021); *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at * 4 (E.D. La. May 25, 2017).

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed by ASIC is **GRANTED** and all claims against this Defendant asserted by Plaintiff Boyd Erikson are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 29th day of June 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE